OPINION
{¶ 1} These are accelerated calendar cases submitted to this court on the record and the briefs of the parties. Appellant, the state of Ohio, appeals the judgment entered by the Portage County Court of Common Pleas. The trial court sentenced appellee, Michael W. Aylward, for his convictions relating to drug offenses.
 {¶ 2} On August 22, 2001, Aylward was indicted on one count of possession of drugs (anabolic steroids) in violation of R.C.2925.11(A)(C)(2)(a), a third degree felony, and one count of possession of drugs (Valium and Xanax) in violation of 2925.11(A)(C)(2)(a), a fourth degree felony. This indictment was assigned case No. 2001 CR 0295. Subsequent to the initial indictment being issued, Aylward was arrested with drugs and, as a result, was indicted a second time. The second indictment charged Aylward with one count of aggravated possession of drugs (anabolic steroids) in violation of R.C. 2925.11(A)(C)(2)(b), a fourth degree felony. The second indictment was assigned case No. 2001 CR 0431.
 {¶ 3} Aylward pled guilty to count one in case No. 2001 CR 0295 and the count in case No. 2001 CR 0431. In exchange for the guilty plea, the state dropped the remaining charges against Aylward.
 {¶ 4} The matter came for a sentencing hearing for the convictions in July 2002. In a single judgment entry for both cases, the trial court sentenced Aylward to thirty days in jail, placed him on community control, and ordered him to successfully complete the Northeast Ohio Community Alternative Program ("NEOCAP"). The court also ordered that Aylward be placed in the Intensive Supervision Program following his completion of NEOCAP.
 {¶ 5} The state has timely filed a notice of appeal for both trial court cases. On appeal, these cases have been consolidated for all purposes.
 {¶ 6} The state raises a single assignment of error:
 {¶ 7} "The trial court erred in imposing a combination of community control sanctions for a fourth degree felony drug offense and [a] third-degree felony drug offense that includes a presumption in favor of prison."
 {¶ 8} Pursuant to R.C. 2953.08(G), a reviewing court will not disturb a defendant's sentence unless it finds, "by clear and convincing evidence, that the record does not support the sentence or that the sentence is otherwise contrary to law."[1]
 {¶ 9} The trial court was sentencing Aylward for felony drug offenses, which carry a presumption in favor of prison. Therefore, if the trial court decides not to impose a prison term, it must comply with R.C. 2929.13(D), which states:
 {¶ 10} "Except as provided in division (E) or (F) of this section, for a felony of the first or second degree and for a felony drug offense that is a violation of any provision of Chapter 2525., 3719., or 4729. of the Revised Code for which a presumption in favor of a prison is specified as being applicable, it is presumed that a prison term is necessary in order to comply with the purposes and principles of sentencing under section 2929.11 of the Revised Code. Notwithstanding the presumption established under this division, the sentencing court may impose a community control sanction or a combination of community control sanctions instead of a prison term on an offender for a felony of the first or second degree or for a felony drug offense that is a violation of any provision of Chapter 2925., 3719., or 4729. of the Revised Code for which a presumption in favor of a prison term is specified as being applicable if it makes both of the following findings:
 {¶ 11} "(1) A community control sanction or a combination of community control sanctions would adequately punish the offender and protect the public from future crime, because the applicable factors under section 2929.12 of the Revised Code indicating a lesser likelihood of recidivism outweigh the applicable factors under that section indicating a greater likelihood of recidivism.
 {¶ 12} "(2) A community control sanction or a combination of community control sanctions would not demean the seriousness of the offense, because one or more factors under section 2929.12 of the Revised Code that indicate that the offender's conduct was less serious than conduct normally constituting the offense are applicable, and they outweigh the applicable factors under that section that indicate that the offender's conduct was more serious than conduct normally constituting the offense."
 {¶ 13} In addition to making these findings, the trial court is required to give its specific reasons for making the findings pursuant to R.C. 2929.19(B)(2), which states:
 {¶ 14} "(2) The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
 {¶ 15} " * * *
 {¶ 16} "(b) If it does not impose a prison term for a felony of the first or second degree or for a felony drug offense that is a violation of a provision of Chapter 2925. of the Revised Code and for which a presumption in favor of a prison term is specified as being applicable, its reasons for not imposing the prison term and for overriding the presumption, based upon the overriding purposes and principles of sentencing set forth in section 2929.11 of the Revised Code, and the basis of the finding it made under divisions (D)(1) and (2) of section 2929.13 of the Revised Code."
 {¶ 17} In its judgment entry of sentence, the trial court made the following findings:
 {¶ 18} "The Court has considered the record, oral statements, any victim impact statement and presentence report prepared, as well as the principles and purposes of sentencing under Ohio Revised Code Section2929.11, and has balanced the seriousness and recidivism factors of Ohio Revised Code Section 2929.12.
 {¶ 19} " * * *
 {¶ 20} "After considering the factors under 2929.12, the Court also finds that a community control sanction is consistent with the purposes and principles of sentencing under Revised Code Section 2929.11
and that the Defendant is amenable to an available community control sanction."
 {¶ 21} These findings are verbatim to the findings this court held were insufficient in State v. Fails.[2] In addition, in Fails, the trial court also included the following language:
 {¶ 22} "The court further finds the presumption for minimum imprisonment is overcome by the need of the Defendant for incarceration and treatment at a Community Based Correction Facility and continued supervision after release."[3]
 {¶ 23} Despite this additional finding in Fails, this court still held that the trial court did not comply with the mandates of R.C. 2929.13(D) and 2929.19(B)(2)(b).[4]
 {¶ 24} The trial court has failed to make the requisite findings pursuant to R.C. 2929.13(D). The Supreme Court of Ohio has specifically held that a trial court is required to make findings that indicate the court's reasons.[5] "Obviously, without the finding itself, the court also fails to provide the necessary `finding that gives its reasons,'"[6]
Although Edmonson concerned a trial court's failure to give its reasons for imposing the maximum sentence pursuant to R.C. 2929.19(B)(2)(d), the same analysis can be applied to a trial court's failure to give its reasons under 2929.19(B)(2)(b). This reasoning is consistent with this court's holdings in State v. Fails and State v. Smolic.[7]
 {¶ 25} Aylward concedes that this court has held that the above findings are required and that the trial court's actions in this matter did not meet the sentencing guidelines. In light of these concessions, Aylward argues that these strict guidelines should not apply in this case because the assistant prosecutor informed the court that the state would leave sentencing to the court's discretion. The prosecutor's statement does not change anything, as sentencing decisions are generally within the trial court's discretion.[8] Moreover, Aylward has failed to demonstrate why this statement alleviates the trial court from performing its statutorily mandated duty.
 {¶ 26} Aylward was convicted of felony drug charges under R.C. 2925 that carried a presumption in favor of prison. As such, if the trial court decided not to impose a prison term, it was required to make findings, pursuant to R.C. 2929.13(D), and to state its reasons for making those findings, pursuant to 2929.19(B)(2)(b). The trial court did not even attempt to meet the minimal requirements of the sentencing statute, as it did not make the required findings or state its reasons to overcome the presumption in favor of a prison term.
 {¶ 27} The state's assignment of error has merit.
 {¶ 28} The judgment of the trial court is reversed. This matter is remanded to the trial court for resentencing.
JUDITH A. CHRISTLEY and DIANE V. GRENDELL, JJ., concur.
[1] State v. Fitzpatrick (Dec. 2, 2000), 11th Dist. No. 99-L-164, 2000 Ohio App. LEXIS 5608, at *13.
[2] State v. Fails (Nov. 9, 2001), 11th Dist. No. 2000-P-0119, 2001 Ohio App. LEXIS 5056, at *9-10.
[3] Id.
[4] Id. at *11.
[5] State v. Edmonson (1999), 86 Ohio St.3d 324, 329.
[6] Id., quoting R.C. 2929.19(B)(2)(d).
[7] See State v. Fails, supra; and State v. Smolic (Oct. 5, 2001), 11th Dist. No. 2000-P-0086, 2001 Ohio App. LEXIS 4512.
[8] See, e.g., R.C. 2929.12.